**Juan LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Alberto R. Gonzales,[1] United States Attorney General, Respondents.**

**No. 04–3673–AG.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

David X. Feng, New York, New York, for Petitioner.

David R. Dugas, United States Attorney, James P. Thompson, Catherine M. Maraist, Assistant United States Attorneys, Baton Rouge, Louisiana, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Juan Li ("Li") petitions, through counsel, for review of the BIA's decision denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA affirms without opinion, this Court reviews the IJ's decision, *see Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the IJ's factual findings, including adverse credibility determinations under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d

297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ's adverse credibility determination was supported by substantial evidence. First, the IJ determined that Li knew little about the summons, her grandmother's arrest, and the Falun Gong materials. This is supported by the record, as her application indicated that she was served with the summons in October 2001, her attached statement indicated that her father told her that officials came to the house with an arrest warrant on October 11, 2001, but she testified that she did not know if her father told her about the summons when he called her on October 11, and she did not see the summons until he mailed it to her in August 2002. The finding that Li knew little about her grandmother's arrest is also supported by the record. Although Li indicated that her grandmother was arrested and detained for two days in August 2002, when asked for details, Li stated that her sister did not give her any of those details. The application and attached statement indicated that Li's sister was also arrested at the same time, but Li's testimony did not include that incident.

■ Second, the IJ's determination that the initial airport interview did not support Li's claim is supported by the record. At the interview, Li responded "I don't know," when asked what she was afraid of in China and why she was applying for asylum but, at the hearing, Li stated that she *did* tell the interviewer that she was claiming asylum because she had been accused of practicing Falun Gong, but later stated she *did not* say that at the interview because she was afraid. As the initial interview met the requirements for reliability, the IJ did not err in basing the adverse credibility determination, in part, on Li's failure to indicate any basis for her asylum claim. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004).

Third, Li failed to give a coherent response when asked why her father and grandmother were not arrested, indicating that it was "[b]ecause on that day my father didn't tell that my grandma was arrested." *See Zhou Yun Zhang,* 386 F.3d at 74.

■ Fourth, the IJ's determination that the letters from Li's friends and family harmed her credibility, because they all utilized the same language, is supported by the record. The letters merely summarized Li's claim, using the same language and the same incidents. Further, one friend indicated that Li hid at her home before she left China, but the other two did not give any indication as to how they learned of the events. Because withholding of removal has a higher burden of proof, the petition is also denied as to that relief. *Zhou Yun Zhang,* 386 F.3d. at 71.

■ As the IJ's determination that Li was not credible and fabricated her claim was supported by the record, the denial of CAT relief on those grounds was proper. On appeal, Li argues that she will be tortured for leaving China illegally. Even assuming that this claim was exhausted, there is no support for the assertion in the record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).